■ PERGAMON PRESS, INC., Respondent, v. JAMES B. ROSS, Appellant. In the Matter of PERGAMON PRESS LIMITED, et al., Appellants, v. PERGAMON PRESS, INC., Respondent. In the Matter of PERGAMON PRESS LIMITED, Appellant, v. PERGAMON PRESS, INC., Respondent.— Appeals from three orders of the Supreme Court, Westchester County, all entered December 1, 1969, as follows: (1) In the first above-entitled action, defendant appeals from an order which granted plaintiff's motion for summary judgment and, inter alia, permanently enjoined defendant from calling any special meetings of plaintiff's stockholders and adjudged that any meeting of said stockholders called by defendant is invalid. (2) In the second above-entitled matter, petitioners appeal from an order (a) denying their application, which was inter alia to direct respondent Pergamon Press, Inc., through one of its officers, to call a special meeting of its stockholders for removal of its board of directors and for the election of a new board of directors, and (b) dismissing the petition in the proceeding. (3) In the third above-entitled matter, petitioner appeals, by permission of this court, from an order referring, to Special Term Part III of said court, (a) the proceeding, which was for inspection of respondent's books and records, and (b) respondent's motion to dismiss the petition. Orders affirmed, with one bill of costs against appellants jointly. In our view, the determinations set forth by Special Term in its opinion were amply supported by the records before it.

Moreover, it is our opinion that the motion (No. 139, decided herewith) by respondent, in the first two above-entitled matters, to have the document entitled "Executive Employment Agreement", dated October 24, 1969, which was entered into between appellant Pergamon Press Limited (Ltd), by its attorney, and appellant James ·B. Ross, considered as part of the record on appeal should be granted. Appellants' attorney has stated, in effect, that if we consider the document relevant and material it may be considered as a part of the record on appeal. We consider it relevant and material. Here, the record establishes that Ltd sought to have a special meeting of Pergamon Press, Inc.'s (Inc) stockholders called to remove Inc's board of directors. Under Inc's by-laws, an officer of that corporation, including a vice-president, might call such special meeting; Ltd could not. Ltd required an officer of Inc to call such special meeting. For that purpose it contacted appellant Ross, who had previously resigned as an officer and director of Inc and severed his connection with that corporation, because Ltd was intent on acquiring control of Inc and ousting Inc's present management. This above-mentioned document, in our opinion, indicates that Ross was induced, by the financial and other rewards therein contained, to seek to repudiate his prior resignation as vice-president and director of Inc and the severance of his relationship with Inc, in order to aid Ltd, as Inc's majority stockholder, to remove Inc's board of directors before the next annual meeting of Inc's stockholders. It is further evidence supporting the determination of Special Term. Beldock, P. J., Christ, Hopkins, Brennan and Benjamin, JJ., concur.